UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES F. KIERPIEC,

        Plaintiff,

                                         File No. 2:08-CV-18

v.

                                         HON. ROBERT HOLMES BELL

WAR MEMORIAL HOSPITAL,

        Defendant.
                                      /

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

      On April 10, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff James F. Kierpiec's prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. (Dkt. No. 6, R&R.)  Plaintiff filed objections to the R&R on April 25, 2008.  (Dkt. No. 7, Objs. to R&R.)

      This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

      The R&R recommends dismissal of Plaintiff's complaint because Plaintiff's claims

against Defendant War Memorial Hospital regarding his medical care do not rise to the level of an Eighth Amendment violation. Plaintiff objects to the recommendation because he contends that the Magistrate Judge failed to consider evidence regarding the Hospital's responsibility for Plaintiff's pain and suffering and the ultimate removal of Plaintiff's enlarged testicle.

The Magistrate Judge properly assumed that the facts alleged in Plaintiff's complaint were true and properly concluded that the facts alleged failed to state an Eighth Amendment claim. Even if the hospital negligently introduced an organism that caused the swelling in Plaintiff's testicle, and even if the hospital's negligence resulted in considerable suffering, Plaintiff's claim of medical negligence does not rise to the level of a constitutional tort. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Durham v. Nu'Man*, 97 F.3d 862, 868 (6th Cir. 1996). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 7) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated:   August 13, 2008             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE